1  IRAKLI KARBELASHVILI, Esq. (SBN 302971)
   ALLACCESS LAW GROUP
2  1400 Coleman Ave Ste F28
3  Santa Clara, CA 95050
   Telephone: (408) 295-0137
4  Fax: (408) 295-0142
5  irakli@allaccesslawgroup.com

6  Attorneys for Plaintiff JAMES ALGER

7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA
10

11

| | |
|---|---|
| JAMES ALGER, | Case No. '25CV3059 BAS SBC |
| Plaintiff, | **COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, AND DAMAGES** |
| vs. | |
| MONTE L. BURBRIDGE; KATHLEEN G. BURBRIDGE, A/K/A KITTY GAIL BURBRIDGE, D/B/A ESCONDIDO ANTIQUE MALL, | |
| Defendants | **DEMAND FOR JURY TRIAL** |

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND
DAMAGES
1

## INTRODUCTION

1. This is a civil rights action for discrimination based on disability. Accordingly, Plaintiff JAMES ALGER seeks injunctive and declaratory relief, damages, attorney's fees, costs, and litigation expenses pursuant to the Americans with Disabilities Act of 1990 ("ADA"), California Unruh Civil Rights Act, the California Disabled Persons Act, and the California Health and Safety Code and, against Defendants MONTE L. BURBRIDGE; KATHLEEN G. BURBRIDGE, A/K/A KITTY GAIL BURBRIDGE, D/B/A ESCONDIDO ANTIQUE MALL (collectively, "Defendants"), the owners and operators of a store located at 135 W Grand Ave, Escondido, CA 92025, known as Escondido Antique Mall (hereinafter, "Antique Mall").

## JURISDICTION

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 for violations of federal law and supplemental jurisdiction for claims brought under parallel California law, arising from the same nucleus of operative facts pursuant to 28 U.S.C. § 1367.

## VENUE

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). The real property which is the subject of this action is in this district, and Plaintiff's claims arose in this district.

## PARTIES

4. At all times relevant to this Complaint, Plaintiff is qualified as a "person with a disability" within the meaning of the ADA and California law. Plaintiff is afflicted with progressive peripheral neuropathy, a physical impairment that damages the peripheral nerves. As a result, he experiences profound and progressive weakness and numbness in his hands, arms, legs, and feet, which

1 substantially limits major life activities such as walking and performing tasks that require fine motor control. Plaintiff relies on a wheelchair or a scooter for mobility.

5. Defendants are and at all relevant times were the owners, operators, lessors, and/or lessees of the subject business, property, and buildings at all times relevant to this Complaint.

6. Plaintiff is informed and believes, and on such information alleges, that at all times mentioned here, Defendants, and each of them, were the agents, servants, employees, and representatives of each of the other Defendants, and performed all acts and omissions stated here within the scope of such agency or employment or representative capacity, and/or as part of a joint venture and common enterprise with one or more of the other Defendants, and are responsible in some manner for the acts and omissions of the other Defendants in proximately causing the injuries complained of here. All actions alleged here were done with the knowledge, consent, approval, and ratification of each of Defendants here, including their managing agents, owners, and representatives.

## **FACTUAL ALLEGATIONS**

7. Antique Mall is a facility open to the public, a place of public accommodation, and a business establishment. 42 U.S.C. § 12181(7); California Civil Code §§ 51 *et seq*.

8. In October 2025, Plaintiff was in Escondido as part of a multi-day weekend trip to the area. He is an annual member of the San Diego Zoo, and his membership includes entry to both the main zoo and the Safari Park in Escondido. The plan for the day was to visit the Safari Park later in the morning once the weather warmed up, but first, after finishing breakfast at a nearby coffee bar, Plaintiff decided to spend some time exploring the shops along Grand Avenue. While there, Plaintiff visited several shops. One of them was the Antique Mall.

9. Antique Mall is both amazing and incredibly disappointing at the same time.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

3

Rolling through it feels like traveling through time, from Plaintiff's own childhood to his grandparents' era. There are thousands of items packed into the space, including records, old toys, vintage signs, dishes, artwork, random collectibles, and even the old Hess gasoline trucks Plaintiff remembers having as a kid. It is like five hundred garage sales all crammed into one building.

10. The main aisle ways were wide enough to pass through, but the side areas branch off in square-shaped "horseshoes" to the left and right of the central corridor. Each one is filled from floor to ceiling with merchandise, leaving almost no room to move in a scooter or a wheelchair. Some sections are raised up a step, while others are so narrow that Plaintiff's 22-inch scooter could not fit at all. Even in the few spots where Plaintiff could squeeze down an aisle, he could not make the sharp turns at the end, and certainly not twice, without a real risk of getting stuck behind a wall of piled-up goods. Entire sections of the store were completely unreachable to Plaintiff.

11. At one point, Plaintiff spotted something that he wanted to buy, but the checkout counter was far too high for Plaintiff to reach comfortably, so he asked someone else to pay using his credit card. What really stuck with Plaintiff was that the people working at Antique Mall could see how much he was struggling to move around, but no one offered to help.

12. When something finally did catch Plaintiff's attention, he had to ask for assistance since the item was behind a locked glass cabinet. However, that display too was in an area that Plaintiff could not reach.

13. The experience left Plaintiff feeling that while the store itself is overflowing with history and character, it remains almost entirely closed off to anyone who cannot walk through it.

14. Although Plaintiff is currently deterred from returning to Antique Mall, he will shop there again if it is made accessible to him.

15. These barriers to access are alleged without prejudice to Plaintiff citing additional barriers to access after a detailed inspection by Plaintiff's accessibility expert.

## FIRST CLAIM:
## VIOLATION OF THE ADA, TITLE III
## [42 U.S.C. §§ 12101 et seq.]

16. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them here as if separately repled.

17. At all times relevant to this action, Title III of the ADA has been in full force and effect and has applied to Defendants' conduct.

18. Plaintiff is a "qualified individual with a disability" for purposes of § 12188(a) of the ADA who is being subjected to discrimination based on disability in violation of Title III and who has reasonable grounds for believing he will be subjected to discrimination each time that he may attempt to use the subject facilities. Plaintiff has impairments that substantially limit one or more major life activities.

19. "Private entities" that are "public accommodations" under the ADA include sales establishments such as Antique Mall. See 42 U.S.C. § 12181(7)

20. Defendants have discriminated against Plaintiff in violation of Title III of the ADA by the following (without limitation): (a) providing benefits that are unequal to that afforded to people without disabilities by not providing accessible features; (b) failing to make reasonable modifications in policies, practices, or procedures (at Antique Mall) when such modifications are necessary to afford, and would not fundamentally alter the nature of, the goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities; (c) failing to construct Antique Mall in compliance with applicable federal standards for accessibility; (d) failing to remove architectural barriers that are structural in

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

5

existing facilities where such removal is readily achievable; and (e) where Defendants can demonstrate the removal of architectural barriers is not readily achievable, failing to make the goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable.

21.     The barriers at the Antique Mall are the types of barriers the Department of Justice presumes are readily achievable to remove under the ADA. Simple measures such as rearranging merchandise to maintain clear aisles with adequate width, relocating display cases, and providing a lowered check-out counter, can be done quickly and at minimal cost. These fixes require only staff labor or minor adjustments, not construction or permits. The benefit of these changes is significant, allowing customers who use wheelchairs or scooters to move freely, view merchandise, and make purchases independently. Because the cost and effort are low while the accessibility benefit is high, removal of these barriers is clearly readily achievable.

22.     The California Attorney General has emphasized that accessibility compliance is not excused simply because a business views a barrier as minimal or insignificant. In a letter dated August 3, 2003 regarding disability access enforcement, the Attorney General stated: "While a violation may be minor in the eye of a business owner, the violation may not be minor to a person with a disability." The Attorney General's statement reinforces that accessibility obligations are measured by the real-world effect on people with disabilities, not by the business's perception of inconvenience or cost.

23.     The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 CFR Part 36 *et seq.*

24.     On information and belief, Defendants have continued to violate the law. If Defendants do not make necessary accessibility improvements, Plaintiff will be

harmed again.

25. Also, on information and belief, Defendants could have but did not avail themselves of the tax deduction and tax credits provided by Internal Revenue Code §44 and §190, which apply to the costs of barrier removal.

26. Pursuant to section 42 U.S.C. 12188, Plaintiff is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination.

WHEREFORE, Plaintiff requests relief as outlined below.

## SECOND CLAIM:
## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT
### [Cal. Civil Code §§ 51 et seq.]
### (Against all Defendants and each of them)

27. Plaintiff repleads and incorporates by reference, as if fully set forth again here, the allegations contained in all paragraphs of this Complaint and incorporates them here by reference as if separately repled hereafter.

28. The Antique Mall is a business establishment within the meaning of the Unruh Act.

29. Defendants are the owners and/or operators of a business establishment.

30. Defendants violated the Unruh Act by their acts and omissions as follows: (1) failing to construct or alter the Antique Mall in compliance with state building code and state architectural requirements ("CBC"); (2) failing to remove known barriers to access at the Antique Mall; (3) failing to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services of the Antique Mall; (4) failing to maintain accessible features; and (5) violating the ADA, a violation of which is a

violation of the Unruh Act. Cal. Civil Code § 51(f).

31. Plaintiff has experienced barriers to access at the Antique Mall, all of which have caused him difficulty, discomfort, and/or embarrassment.

32. On information and belief, the Antique Mall is also illegally inaccessible in multiple other respects. As noted above, the barriers to access described in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant(s)/expert(s).

33. These barriers to access render the Antique Mall inaccessible to and unusable by persons with mobility disabilities. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof. Plaintiff prays for leave to amend this Complaint, if necessary, to obtain full injunctive relief as to barriers that limit or deny full and equal access to persons with similar mobility disabilities.

34. Each violation of the ADA constitutes a separate violation of California Civil Code § 51(f), thus independently justifying an award of damages and injunctive relief under California law, including, but not limited to, Civil Code § 52(a).

35. On information and belief, the access features of the Antique Mall have not been improved since Plaintiff's visit there. Plaintiff's injuries are ongoing so long as Defendants do not modify their policies and procedures and provide fully accessible facilities for Plaintiff and other persons with similar mobility disabilities.

36. At all times mentioned, Defendants knew, or in the exercise of reasonable diligence should have known, that barriers, policies and practices at its facilities violated disabled access requirements and standards and had a discriminatory impact upon Plaintiff and upon other persons with similar mobility disabilities, but Defendants failed to rectify the violations, and presently continue a course of

conduct in maintaining barriers that discriminate against Plaintiff and similarly situated disabled persons.

37. Based on Defendants' violations of the Unruh Act, Plaintiff seeks and is entitled to damages for each incident that caused him difficulty, discomfort, and embarrassment. Plaintiff is also entitled to injunctive relief and reasonable attorneys' fees, and costs.

WHEREFORE, Plaintiff requests relief as outlined below.

## THIRD CLAIM:
## VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT
### [Cal. Civil Code §§ 54 *et seq.*]
### (Against all Defendants and each of them)

38. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

39. The Antique Mall is a place of public accommodation and a place to which the public is invited and, as such, they must comply with the provisions of the DPA, California Civil Code § 54 *et seq.*

40. The DPA guarantees, among other things, that persons with disabilities have the same right as the public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. California Civil Code § 54.

41. The DPA also guarantees, among other things, that persons with disabilities have a right to full and equal access, as other members of the public, to accommodations, advantages, facilities, and privileges of covered entities. California Civil Code § 54.1(a) (1).

42. The DPA also provides that a violation of the ADA is *a per se* violation of the DPA, California Civil Code § 54.1(d).

43. Defendants have violated the DPA by, among other things, denying and/or interfering with his right to full and equal access as other members of the public to the accommodations, advantages, and its related facilities due to his disability, including, but not limited to the following: (1) failing to construct or alter the Antique Mall in compliance with the CBC; (2) failing to remove known barriers to access at the Antique Mall; (3) failing to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services of the Antique Mall; (4) failing to maintain accessible features; and (5) violating the ADA, a violation of which is a violation of the DPA. Cal. Civil Code § 54.1(d).

44. Based on Defendants' violations of the DPA, Plaintiff seeks and is entitled to damages for each incident that caused him difficulty, discomfort, and embarrassment. Plaintiff is also entitled to his reasonable attorneys' fees, and costs.

WHEREFORE, Plaintiff requests relief as outlined below.[1]

### FOURTH CLAIM:
### VIOLATION OF THE CALIFORNIA HEALTH AND SAFETY CODE
### [Cal. Health and Safety Code §§19955 et seq.]
### (Against all Defendants and each of them)

45. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

46. Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5

---

[1] Plaintiff does not seek injunctive relief or any other relief under Cal. Civ. Code § 55.

of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

47. Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code …" Health & Safety Code §19956 was operative July 1, 1970, and applies to all public accommodations constructed or altered after that date.

48. On information and belief, portions of Antique Mall and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of Antique Mall and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring Antique Mall to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

49. Under the authority delegated by Government Code §4450, et seq., the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations, and these regulations must be complied with as to any alterations and/or modifications of Antique Mall and/or the building(s) occurring after that date. Construction changes before this date but after July 1, 1970 triggered access requirements under the "ASA" requirements,

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

11

the American Standards Association Specifications, A117.1-1961.

50. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in the California Building Code.

51. Antique Mall is a "public-accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq.*

52. As a result of the actions and failure to act of Defendants, and because of the failure to provide proper and legally accessible public facilities, Plaintiff was denied his right to full and equal access to public facilities and suffered a loss of civil rights and rights as a person with physical disabilities to full and equal access to public facilities.

WHEREFORE, Plaintiff requests relief as outlined below.

## **PRAYER FOR RELIEF:**

1. Plaintiff has no adequate remedy at law to redress the wrongs suffered as explained in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury because of the unlawful acts, omissions, policies, and practices of Defendants as alleged here, unless Plaintiff is granted the relief he requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

2. Plaintiff requests a declaratory judgment that Defendants' actions, omissions, and failures—including, but not limited to, failing to remove known architectural barriers at the Antique Mall to make it "accessible to and useable by" mobility disabled persons; failing to construct and/or alter the Antique Mall in compliance with federal and state access standards; and failing to make reasonable

modifications in policy and practice for Plaintiff and other persons with similar mobility disabilities.

3. Plaintiff requests that the Court issue an order enjoining Defendants, their agents, officials, employees, and all persons and entities acting in concert with them:

    a. From continuing the unlawful acts, conditions, and practices described in this Complaint;

    b. To provide reasonable accommodation for persons with disabilities at the Antique Mall;

    c. To ensure that persons with disabilities are not denied equal benefits at the Antique Mall;

    d. To modify the above-described facilities to provide full and equal access to persons with mobility disabilities, including, without limitation, the removal of all barriers to access where "readily achievable;"

    e. To maintain such accessible facilities once they are provided;

    f. To train Defendants' employees and agents in how to accommodate the rights and needs of physically disabled persons at the Antique Mall; and

    g. To implement nondiscriminatory protocols, policies, and practices for accommodating persons with mobility disabilities at the Antique Mall.

4. Plaintiff requests that the Court retain jurisdiction over Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of here no longer occur, and cannot recur;

5. Award to Plaintiff all appropriate damages, including but not limited to, statutory damages, general damages and treble damages in amounts within the

jurisdiction of this Court, all according to proof.

6. Plaintiff requests all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding;

7. Plaintiff requests prejudgment interest under California Civil Code § 3291;

8. Plaintiff requests interest on monetary awards as permitted by law; and

9. Plaintiff requests any other relief that this Court may deem just and proper.

Date: November 8, 2025      ALLACCESS LAW GROUP

                */s/ Irakli Karbelashvili*
                By IRAKLI KARBELASHVILI, Esq.
                Attorney for Plaintiff
                JAMES ALGER

**JURY DEMAND**

Plaintiff demands a trial by jury for all claims for which a jury is permitted.

Date: November 8, 2025              ALLACCESS LAW GROUP

*/s/ Irakli Karbelashvili*
By IRAKLI KARBELASHVILI, Esq.
Attorney for Plaintiff
JAMES ALGER